UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIAM ROPER, | ) | |
| Petitioner, | ) | 3:03-cv-0512-LRH-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| CRAIG FARWELL, *et al.*, | ) | |
| Respondents. | ) | |

On September 26, 2005, the court entered an Order dismissing the habeas corpus petition in this case (docket #31). Judgment was entered on the same day (docket #32).

On October 26, 2005, petitioner filed a Notice of Appeal (docket #33) and an Application for Certificate of Appealability (docket #34). Respondents have filed an opposition to the application for a certificate of appealability (docket #35).

Petitioner was permitted leave to proceed *in forma pauperis* in pursuit of this petition and, thus, shall be permitted to pursue his appeal without paying the filing fee.

The court will deny petitioner's application for a certificate of appealability. The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

Where a district court has rejected the constitutional claims on the merits, the

showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The court finds that petitioner has not met this standard.

The petitioner seeks a certificate of appealability on his claim related to the sufficiency of the evidence, his claim that counsel was ineffective, and whether this court's decision to deny him an evidentiary hearing was correct. The court finds that jurists of reason would not find this court's decision on the merits of his claims debatable or even wrong. Petitioner has not demonstrated that his claim of insufficient evidence was not rebutted by the record or that the Nevada Supreme Court's decision on the claim was the result of an incorrect or objectively unreasonable application of clearly established federal law. The record contains evidence which supports all elements of the crimes for which petitioner was convicted. Neither has petitioner met the requisite standard in relation to his claims of ineffective assistance of counsel.

Finally, the denial of an evidentiary hearing in this matter is well supported, both because the request was not made with any degree of specificity and because petitioner has not met the requirements for obtaining such a hearing, as set forth in 28 U.S.C. 2254(e)(2).

**IT IS THEREFORE ORDERED** that petitioner's application for issuance of a certificate of appealability (docket #34) is **DENIED**.

Dated this 13th day of February, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2