1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

9    WILLIAM ROPER,                    )
                                       )
10                  Petitioner,        )        3:03-cv-00512-LRH-VPC
                                       )
11   vs.                               )        **ORDER**
                                       )
12   CRAIG FARWELL, *et al.*,          )
                                       )
13                  Respondents.       )
     _____/

14

15          This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by

16   William Roper, a Nevada prisoner represented by counsel.  Previously, this Court ruled that Grounds

17   2-B, 2-D, 3, 4, and 5 were unexhausted.  (Docket #21).  The Court further ruled that Grounds 2-A

18   and 2-C were exhausted.  (*Id.*).  Petitioner abandoned the unexhausted grounds.  (Docket #22).  On

19   September 21, 2005, this Court denied the amended petition, upon a merits review of Grounds 2-A

20   and 2-C, and dismissed this action with prejudice.  (Docket #31).  Judgment was entered.  (Docket

21   #32).

22          Petitioner took a timely appeal and the dismissal of Ground 2-C was certified for appellate

23   review by the Ninth Circuit Court of Appeals.  The Ninth Circuit ruled that this Court erred in

24   reaching the merits of Ground 2-C, because the claim was unexhausted.  (Docket #41, Memorandum

25   Opinion of Ninth Circuit Court of Appeals).  The Court of Appeals dismissed the appeal with

26   instructions that the district court enter an order dismissing the petition pursuant to 28 U.S.C. §

27   2254(a) because Ground 2-C was unexhausted.  (*Id.*).  On February 1, 2008, this Court entered an

Order on Mandate, dismissing the petition pursuant to 28 U.S.C. § 2254(a) for failure to exhaust Ground 2-C.  (Docket #43).

On February 21, 2008, petitioner filed a motion for issuance of a stay and abeyance under *Rhines v. Weber*.  (Docket #45).  Petitioner seeks to return to state court to exhaust Ground 2-C of the first amended petition.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims.  The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  *Cf.*  28 U.S.C.  § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.  The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Id.* at 278.

In the instant case, petitioner has demonstrated good cause under *Rhines* for the failure to exhaust Ground 2-C, and there is no evidence that petitioner engaged in dilatory litigation tactics.  However, Ground 2-C is plainly meritless under the second prong of the *Rhines* test.  Previously, this Court reviewed Ground 2-C on the merits, found it to be meritless, and denied habeas relief.  (*See* Order, filed September 21, 2005, at Docket #31).  Accordingly, this Court concludes that petitioner has not satisfied the criteria for a stay under *Rhines*.

1      **IT IS THEREFORE ORDERED** that petitioner's motion for issuance of stay and abeyance

2  order under *Rhines v. Weber* (Docket #45) is **DENIED.**

3      DATED this 21st day of May, 2008.

4

5

6  _____
       LARRY R. HICKS
7      UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

3